http://www.va.gov/vetapp16/Files3/1626436.txt

Citation Nr: 1626436 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 08-26 980 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUE

Entitlement to service connection for heart disease, including hypertension, concentric left ventricular hypertrophy, arteriosclerotic heart disease, and ischemic heart disease.

REPRESENTATION

Appellant represented by: The American Legion

WITNESSES AT HEARING ON APPEAL

Appellant and Spouse

ATTORNEY FOR THE BOARD

M. Caylor, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1975 to August 1976.

This appeal comes before the Board of Veterans' Appeals (Board) from a February 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

The Board has denied this claim appeal in February 2011 and September 2013. The Veteran appealed both decisions to the United States Court of Appeals for Veterans Claims (Court), which issued orders in October 2011 and April 2014 granting Joint Motions for Remand, which requested that the Board's decisions be vacated and the issue returned to the Board. The appeal is once again before the Board. 

The Board has previously remanded the appeal for further development eight times-in February 2011, April 2012, January 2013, September 2014, February 2015, and April 2015.

The Veteran testified before a Decision Review Officer in June 2008, and before the undersigned during an August 2010 videoconference hearing.

In February 2011, April 2012, January 2013, September 2013, February 2014, and September 2014, the Board referred the issue of entitlement to service connection for a psychiatric disorder secondary to service-connected disability, which was raised by the Veteran's testimony during her August 2010 videoconference hearing, but was never adjudicated by the Agency of Original Jurisdiction (AOJ). To date, no action has been conducted regarding that referral. Therefore, the Board still does not have jurisdiction over it, and for the SEVENTH time refers it to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

Unfortunately, yet another remand is required before the Board can make a fully informed decision on the Veteran's appeal. In this regard, private treatment records show the Veteran has been diagnosed with numerous heart-related disorders since filing her July 2007 claim. The record does not contain adequate medical opinions addressing each diagnosis; hence, further development is required. 

The Veteran has reported on several occasions that several of her symptoms began during active service. Specifically, she reported that during service she was able to hear her heart beating loudly while experiencing shortness of breath and burning chest pain. See June 2008 Decision Review Officer Hearing Transcript at 5; August 2010 BVA Videoconference Hearing Transcript at 7-8. As the Veteran asserted that she continued experiencing those symptoms until a 2003 cardiac catheterization when it was discovered that she had experienced a myocardial infarction without knowing it, the appellant's "symptom picture" is relevant and must be addressed by a VA examiner. While the record also contains evidence that the Veteran at various times denied having chest pain associated with shortness of breath, she had already been diagnosed with and treated for hypertension at the time of the conflicting reports. See February 2000 New Jersey Division of Disability Determination Services Report (history of hypertension since 1993); March 2003 Virtua Health. 

While the record already includes VA examinations and opinions a review of these reports shows that they are largely inadequate. Even combined, they fail to address each the etiology of each diagnosed heart disorder and fail to provide a clear and complete medical explanations for the opinions provided.

The record does contain positive medical nexus statements that purport to have been made by private cardiologist Dr. O'Neil; however, they are inadequate, as they are either conflicting or incomplete. See March 2013 Dr. O'Neil Letter (noting diagnosis of coronary artery disease with multiple risk factors and opining that the disease process likely began 10-30 years ago); October 2013 Dr. O'Neil Letter (opining that the disease process for coronary disease began 40 years ago during military service); April 2014 Dr. O'Neil Letter (concentric left ventricular hypertrophy was likely several decades in the making and coronary artery obstruction resulted in ischemia on stress testing and angina with exertion); July 2014 Dr. O'Neil Letter (opining that concentric left ventricular hypertrophy was "least or likely" several decades in the making and that heart disease "least or likely" started during active service because of a long history of high blood pressure). 

Accordingly, the case is REMANDED for the following action:

1. Arrange to obtain any additional relevant private treatment records, including any outstanding records under any of the Veteran's former last names. Ensure that any records obtained are added to the claims file. All attempts to secure this evidence must be documented in the claims file. If after making reasonable efforts to obtain named records, they are not able to be secured, provide the Veteran and her representative the required notice and opportunity to respond.

2. After associating any additional records received with the claims file forward all of the evidence of record to a board certified cardiologist. Following that review, to particularly include the appellant's lay statements, the cardiologist must, for each diagnosed disorder, to include angina, residuals of myocardial infarctions, coronary artery disease, hypertension, arteriosclerotic heart disease, ischemic heart disease, and concentric left ventricular hypertrophy opine whether it is at least as likely as not, i.e., is there a 50/50 chance that the disorder is related to the Veteran's active service from November 1975 to August 1976. The cardiologist must opine whether it is MORE LIKELY than not that any diagnosed heart disorder, to include those listed above, is related to the Veteran's nonservice connected morbid obesity or type II diabetes mellitus. A complete and fully reasoned rationale must be provided for any opinion offered.

The RO must provide the cardiologist with the entire claims file, including all VBMS and Virtual VA files, prior VA examinations and opinions, all opinions offered by Dr. O'Neil, and a copy of this REMAND. If a new examination is required to answer these questions an examination must be so scheduled. The cardiologist is advised that the Veteran is competent to attest to matters of which she has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should explain why.

If the requested opinions cannot be rendered without resorting to speculation, the cardiologist must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the cardiologist, i.e., additional facts are required, or the cardiologist does not have the needed knowledge or training.

3. After the development requested has been completed, the AOJ should review the examination report and the medical opinion to ensure that it is in complete compliance with the directives of this REMAND. If the report is deficient in any manner, the AOJ must implement corrective procedures at once. 

4. When the development requested has been completed, the issue on appeal should be readjudicated by the AOJ on the basis of additional evidence. If the benefit sought is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).